DA 08-0636

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 338N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

BRETT HARDY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-07-134
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brett F. Hardy, self-represented litigant; Huson, MT

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Patricia Bower, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs: September 16, 2009

Decided: October 14, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hardy appeals from the judgment of the Fourth Judicial District Court finding him guilty of three counts of criminal trespass to property and sentencing him to three consecutive terms of six months in the Missoula County Detention Facility, with all but 14 days suspended. We affirm.

¶3 Hardy is no stranger to the legal system and to appeals to this Court. *See Guthrie v. Hardy*, 2001 MT 122, 305 Mont. 367, 28 P.3d 467; *Guthrie v. Hardy*, 2005 Mont. Dist. LEXIS 1625, Fourth Judicial District Court, Missoula County. These cases and the current appeal arise from long-running disputes between Hardy and his neighbors over Hardy's use of an easement to access his property in a rural area near Huson, Montana.

¶4 This appeal arises from Hardy's 2007 conviction by a jury of three counts of criminal trespass to his neighbors' property. The three instances of trespass involved incursions on his neighbors' driveway, his neighbors' lawn, and onto a "spur road," none of which are within Hardy's actual easement. Hardy terminated his attorney after the conviction and represents himself in this appeal. While Hardy lists numerous purported

issues for consideration in this appeal, many of those relate to concluded litigation going back as far as 1995. Hardy cannot re-litigate those cases and issues in this appeal. We adopt the State's list of issues properly raised in this appeal:

¶5    1. Whether Hardy was denied effective assistance of counsel.

¶6    2. Whether there was sufficient evidence to support Hardy's convictions for criminal trespass to property.

¶7    3. Whether the District Court erred giving jury Instruction No. 7 defining the scope of Hardy's easement.

¶8    Hardy has an easement that allows him a limited right to use a road to cross his neighbors' property to access his own property. The extent of Hardy's rights in this easement have been litigated and determined in the prior cases noted above. Among the settled limitations on the easement are that Hardy can use it only if his primary easement is impaired, and that he is prohibited from traveling off of the easement. For whatever reason, Hardy continues to exceed the limits of the easement, to trespass on his neighbors' property, to ignore court orders defining his rights, and to foment dispute and litigation.

¶9    Hardy contends that his trial attorney was ineffective, but fails to carry his burden to show that the attorney's conduct fell below an objective standard of reasonableness, and that the conduct prejudiced his case. *State v. St. Germain*, 2007 MT 28, ¶ 33, 336 Mont. 17, 153 P.3d 591. Hardy argues that his attorney should have introduced other or additional evidence concerning his easement. It is clear, however, that doing so would not have affected the outcome. Hardy was not charged with using the easement, but with

3

trespassing off of the easement in areas clearly not covered by it, in violation of § 45-6-203, MCA. The scope of Hardy's easement was established in prior litigation and could not be re-litigated in the criminal trial. The easement did not give Hardy the right to undertake the travel onto his neighbors' property that formed the basis of the criminal charges.

¶10 There was sufficient evidence to convict Hardy of trespass. In each relevant instance the evidence showed that he was outside the boundaries of his easement and that he was on the property of others without permission.

¶11 Hardy has failed to demonstrate that the District Court erred instructing the jury as to the terms of his easement. First, Hardy had no right under the easement to trespass on his neighbors' property. Second, the District Court gave an instruction properly defining the scope of Hardy's easement, based upon the prior litigation and upon a stipulation entered at the time of trial. There was no instructional error in this regard.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE